MAY 19 2026 PM 1:41
FILED - USDC - FLMD - TPA

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

Case No.

*8:26-CV-1510-KKM-NHA*

**NIGEL LUCOMBE,**

Plaintiff,

v.

**LITTLE GREEK FRESH GRILL LLC.**

Defendant.

_____/

Plaintiff, NIGEL LUCOMBE (**"Plaintiff"**), files this Complaint under the Telephone Consumer Protection Act ("TCPA") 47 U.S.C. § 227, and its regulations, against LITTLE GREEK FRESH GRILL LLC. (**"Defendant"**), and alleges based on personal knowledge and information and belief, placed illegal unauthorized telemarketing texts and pre-recorded messages to him in violation of the (TCPA).

## NATURE OF THE ACTION

1.      This is a putative action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA"). To promote its goods and services, Defendant engages in telephonic sales calls to consumers without having secured prior express written consent as required under the TCPA with no regards for consumers' rights. To promote its goods and services, Defendant engages in telemarketing texts and calls to consumers that have registered their telephone numbers on the National Do Not Call Registry.

1



2.    To promote its services, Defendant engages in unsolicited calls and texts message to consumers registered on the National Do-Not-Call Registry. LITTLE GREEK FRESH GRILL LLC. is a company that transmits telephone calls to subscribers who specifically express their unwillingness to receive unsolicited calls through the national Do Not Call Registry maintained by the Federal Communications Commission (FCC).

3.    Defendant's unsolicited calls caused Plaintiff harm, including violations of their statutory rights, statutory damages, annoyance, nuisance, and invasion of their privacy.

4. Through this action, Plaintiff seek statutory damages, as defined below, and any other available legal or equitable remedies resulting from the unlawful actions of Defendant.

## PARTIES

5.    Plaintiff Lucombe is, and at all times relevant hereto a citizen and resident of Pasco County, Florida.

6.    Plaintiff is, and at all times relevant hereto was, a citizen and resident of Pasco County, Florida.

7.    Plaintiff is, and at all times relevant hereto were, individuals and "called part[ies]" as defined by Fla. Stat. § 501.059(1)(a) in that Plaintiff was the regular users of cellular telephone numbers (813)-XXX-7705  that received defendant's telephonic sales calls.

8.    Defendant is, and at all times relevant hereto was, a domestic corporation with a principal place of business in  FL, and a "telephone solicitor" as defined by Fla. Stat. § 501.059(f).

## JURISDICTION AND VENUE

2

9.     This Court has federal question subject matter jurisdiction over Plaintiff' TCPA claims pursuant to 28 U.S.C. § 1331.

10.    This Court has supplemental jurisdiction over Plaintiff' TCPA & FTSA claims pursuant to 28 U.S.C. § 1367.

11.    The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant directs, markets, and provides its business activities to this District, and because defendant's unauthorized marketing scheme was directed by Defendant to consumers in this District.

12.    LITTLE GREEK FRESH GRILL LLC. is, and at all times relevant hereto, a for-profit organization organized under the laws FL with an address of 2151 S Alt A1A 800 Jupiter FL 33477 and "person" as defined by 47 U.S.C. §153(39).

## FACTUAL ALLEGATIONS

13.    Plaintiff's cellular phone number has been registered on the National Do Not Call Registry since November 12, 2019. Between November 7, 2025 thru Present, Defendant harassed Plaintiff Lucombe with text messages as reflected by the following screenshots:

3



Between November 7, 2025 thru present; Defendant harassed Plaintiff Lucombe with unsolicited

phone calls reflected by the following: on November 7, 2025 Defendant transmitted a

prerecorded message to plaintiff's Cellular telephone number (7705) and in doing so, transmitted

to Plaintiff's Caller Identification a number displayed that was not capable of receiving

telephone calls from Short Code (98900). Pre-recorded message transcribed as follows: "Head to

Lil Greek New Tampa on Sunday December 14, 2025 and let them do the cooking simply

mention that you are with Warton Boys Basket Ball and 20% or your order will be donated back

to the team". November 9, 2025 Defendant transmitted calls to plaintiff's Cellular telephone

number (7705) and in doing so, transmitted to Plaintiff's Caller Identification a number

displayed that was not capable of receiving telephone calls from Short Code (98900). On

December 14, 2025 Defendant transmitted calls to plaintiff's Cellular telephone number (7705)

4

and in doing so, transmitted to Plaintiff's Caller Identification a number displayed that was not capable of receiving telephone calls from Short Code (98900). On December 18, 2025 Defendant transmitted calls to plaintiff's Cellular telephone number (7705) and in doing so, transmitted to Plaintiff's Caller Identification a number displayed that was not capable of receiving telephone calls from Short Code (98900). On December 12, 2025 Defendant transmitted calls to plaintiff's Cellular telephone number (7705) and in doing so, transmitted to Plaintiff's Caller Identification a number displayed that was not capable of receiving telephone calls from Short Code (98900).

14.     Upon information and belief, LITTLE GREEK FRESH GRILL LLC. has no system in place to document and archive whether it has prior consent to contact consumers on their cellular phones.

15.     Defendant failed to establish and implement reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under 47 U.S.C. § 227(c)(5), including the Do- Not Call provision in 47 C.F.R. § 64.1200(c).

16.     Upon information and belief, LITTLE GREEK FRESH GRILL LLC. knew its calling practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

17.     LITTLE GREEK FRESH GRILL LLC.  through its agents, representatives, vendors, subsidiaries, third party contractors, and/or employees acting within the scope of their authority acted intentionally in violation of 47U.S.C. §227(b)(1)(A)(iii).

18.     Plaintiff never provided his cellular telephone number to Defendant Little Greek Fresh Grill LLC. Plaintiff never provided his cellular telephone number to Wharton High School or any of its agents with knowledge that it would be shared with third-party commercial entities for

telemarketing purposes. The prerecorded message was a commercial solicitation for a restaurant, not an educational notification about school activities, events, or emergencies."

19. Defendant's telephonic communications forced Plaintiff to be deprived of the privacy and utility of their cell phone by forcing Plaintiff to ignore or reject defendant's disruptive calls, voice messages, dismiss alerts, and/or silence their cell phones as a result of defendant's incessant unsolicited telephone calls.

20. The TCPA was intended to give individuals control over how and where they receive telephonic communications. When Defendant placed the calls to Plaintiff without their consent, Defendant failed to address or respect the limitations imposed by the TCPA. In doing so, Defendant invaded Plaintiff' privacy and violated the spirit and intent behind the TCPA.

21. As demonstrated by the above incoming calls log, the purpose of defendant's unsolicited calls  was to solicit the sale of consumer services Auto policy and to draw attention to defendant's services and goods.

22. Moreover, the unsolicited calls have a commercial nexus to defendant's business activities and services it offers.

23. Defendant generate profits when recipients of its unsolicited calls make an appointment and visit defendant's website for their services. In other words, Defendant profits when the recipients of its unsolicited calls, like Plaintiff is persuaded to visit Defendant's website and pay Defendant for their services.

24. Plaintiff is the regular users of the telephone numbers that received the above unsolicited calls.

6

25. Plaintiff utilize their cellular telephone numbers for personal purposes and the numbers are Plaintiff' residential telephone lines. In other words, Plaintiff' cellular telephones are Plaintiff' home telephone numbers and Plaintiff make and receive personal home calls on their cellular telephones. Moreover, Plaintiff' cellular telephones are the primary means of reaching Plaintiff at their residence.

26. Plaintiff was in Florida when they received the above unsolicited calls, and Defendant's violative conduct occurred in substantial part in Florida.

27. Upon information and belief, Defendant maintains and/or has access to outbound transmission reports for all unsolicited calls sent advertising/promoting its services and goods. These reports show the dates, times, target telephone numbers, and content of each message sent to Plaintiff.

28. Defendant's unlawful conduct resulted in intrusion into the peace and quiet in a realm that is private and personal to Plaintiff.

## DAMAGES

29. LITTLE GREEK FRESH GRILL LLC.'s unfair and harassing conduct has severely disrupted Plaintiff's daily life and general well-being.

30. Plaintiff has expended time consulting with his attorneys as a result of LITTLE GREEK FRESH GRILL LLC. 'sunconscionable conduct.

31. LITTLE GREEK FRESH GRILL LLC. phone harassment campaign and illegal activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and Occupation of Plaintiff's cellular telephone capacity, wasting

7

Plaintiff's time, increased risk of personal injury resulting from the distraction caused by the phone calls, and aggravation that accompanies unsolicited calls, emotional distress, anxiety, loss of concentration, diminished value and utility of his telephone equipment and telephone subscription services, the wear and tear caused to his cellular telephone, the loss of battery charge, the loss of battery life, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services.

## COUNT I

### VIOLATIONS OF 47 U.S.C. § 227(b) AND 64.1200(a)

32.     Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1-31 as if fully set forth herein.

33.     It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any ...artificial or prerecorded voice to any telephone number assigned to a ... cellular telephone service ...." 47 U.S.C. § 227(b)(1)(A)(iii).

34.     It is a violation of the TCPA regulations promulgated by the FCC to "initiate any telephone call...using an... artificial or prerecorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 C.F.R. § 64.1200(a)(1)(iii).

35.     Additionally, it is a violation of the TCPA regulations promulgated by the FCC to "[i]nitiate, or cause to be initiated, any telephone call that includes or introduces an advertisement or constitutes telemarketing, ...artificial or prerecorded voice ...other than a call made with the prior express written consent of the called party or the prior express consent of the called party when the call is made..." 47 C.F.R. § 64.1200(a)(2).

36. Defendant used prerecorded messages to make non-emergency telephone calls to the cellular telephones of Plaintiff.

37. Defendant did not have prior express written consent to call the telephones of Plaintiff when its calls were made.

38. Defendant has, therefore, violated §§ 227(b)(1)(A)(iii), 64.1200(a)(1)(iii), and 64.1200(a)(2) by using prerecorded messages to make non-emergency telephone calls to the cellular telephones of Plaintiff.

39. Defendant knew that it did not have consent to make these calls and knew or should have known that it was using prerecorded messages. The violations were therefore willful or knowing.

40. As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff was harmed and entitled to a minimum of $500.00 in damages for each violation. Plaintiff is also entitled to an injunction against future calls.

41. WHEREFORE, Plaintiff, prays for the following relief:

a. An award of statutory damages for Plaintiff as applicable under the TCPA;

b. An order declaring that Defendant's actions, as set out above, violate the TCPA;

c. An injunction requiring Defendant to comply with 47 U.S.C. § 227(b) and 47 C.F.R. 64.1200(a);

d. An award of attorney's fees, costs, and interest, as allowed by applicable law; and . Such further and other relief the Court deems reasonable and just.

## COUNT II

### Violations of 47 U.S.C. § 227(c) and 64.1200(c)

42. Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1 through 31 as if fully set forth herein.

43.    The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides in pertinent part that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

44.    Per 47 C.F.R. § 64.1200(e), § 64.1200(c) is "applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

45.    Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. §227(c).

46.    Defendant violated 47 C.F.R. § 64.1200(c) by initiating telephone solicitations to telephone subscribers such as Plaintiff who registered his telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

47.     Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff received more than one unsolicited calls in a 12-month period from Defendant in violation of 47 C.F.R. § 64.1200.

48.     As a result of Defendant's conduct as alleged herein, Plaintiff and the suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a. An award of actual damages pursuant to 47 U.S.C. § 227(b)(3)(B);

b. An award of statutory damages of 500f or each negligent violation of 47U.S.C.§227(b) and 500 for each negligent violation of 47U.S.C.§227(b) and1,500 for each willful or knowing violation pursuant to 47 U.S.C. § 227(b)(3)(C);

c. An award of statutory damages of $500 for each violation of the National Do-Not-Call Registry provisions under 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c);

d. An award of treble damages ($1,500 per violation) for any willful or knowing violations of 47 U.S.C. § 227(c)(5);

e. An award of statutory damages under the Florida Telephone Solicitation Act, Fla. Stat. § 501.059, as permitted by law;

f. An award of reasonable attorney's fees and costs; and

11

g. Such other and further relief as this Court deems just and proper.

h.      An award of reasonable attorney's fees and costs; and any other relief this Court deems just and proper.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with Defendant and the calls as alleged herein.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated: May 19, 2026

Respectfully submitted,

Nigel Lucombe, Pro Se
P.O. Box 2589
Lutz, FL 33548
Nlucombe@Gmail.com
Tel: 813-900-7705