UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NIGEL LUCOMBE,

Plaintiff,

v. Case No. 8:26-cv-01510-KKM-NHA

LITTLE GREEK FRESH
GRILL LLC,

Defendant.
_______________________________________/

**ORDER**

Plaintiff Nigel Lucombe moves for entry of Clerk's default against Defendant Little Greek Fresh Grill LLC. Doc. 10. I deny the motion without prejudice.

## I. Background

Plaintiff sues Little Greek Fresh Grill LLC under the Telephone Consumer Protection Act, alleging that Defendant made unsolicited calls and sent unsolicited text messages. Doc. 1. Plaintiff appears to complain of text messages sent on behalf of a specific Tampa, Florida franchise of the national restaurant chain Little Greek Fresh Grill. *See* Doc. 1 p. 4 (exhibiting text messages referencing "Little Greek (New Tampa)").

Plaintiff alleges he served Defendant on June 4, 2026, by serving an assistant manager at a Little Greek Fresh Grill restaurant in Tampa, and that Defendant failed to answer or otherwise respond to the Complaint. Docs. 8, 11. Plaintiff seeks entry of Clerk's default against Defendant. Doc. 11.

## II. Applicable Law

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). However, "[i]n the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). And, "[g]enerally, where service of process is insufficient, the court has no power to render judgment." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003).

## III. Analysis

Federal Rule of Civil Procedure 4(h)(1) governs the service of process on United States corporations, partnerships, and unincorporated associations and applies to service on limited liability companies (LLCs). *See Fitzpatrick v. Bank of New York Mellon*, 580 F. App'x 690, 693 (11th Cir. 2014) (applying 4(h) to an LLC). It provides that service may be made "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or

any other agent authorized by appointment or by law to receive service of process." FED. R. CIV. P. 4(h)(1)(B).

An LLC may also be served by following the law of the state in which the district court is located or in which service is effected. FED. R. CIV. P. 4(h)(1)(A), 4(e)(1). Section 48.062 of the Florida Statutes generally governs service of process on LLCs in Florida. That statute sets forth a hierarchy of persons who may accept service on an LLC's behalf, starting with the LLC's registered agent. *See* Fla. Stat. § 48.062.

Here, Plaintiff has not shown that he served an officer, managing or general agent, or registered agent of Little Greek Fresh Grill LLC. The return of service states that the process server delivered a copy of the summons and complaint to Anicka Rivera, an Assistant Manager of the Little Greek Fresh Grill restaurant located at 19022 Bruce B. Downs Blvd., Tampa, Florida, 33647. Doc. 8. However, although their names are similar, it is not clear that the restaurant is associated with the named LLC Plaintiff sues. Records of the Florida Department of State, Division of Corporations, reveal only one result for an entity called "Little Greek Fresh Grill LLC": an entity called LG Altamonte, LLC, which, until 2018, was called Little Greek Fresh Grill LLC.[1]

---

[1] Records of the Florida Department of State, Division of Corporations, are available at www.sunbiz.org, a verified website of a public agency. Federal Rule of Evidence 201 permits courts to take judicial notice of "a fact that is not subject to reasonable dispute because it[ ] … can be accurately and readily

LG Altamonte LLC has a principal address in Altamonte Springs, Florida, and a registered agent named Curtis Harper with an address in Orlando. And the active business entity with the principal address of 19022 Bruce B. Downs Blvd., Tampa, Florida, 33647—the address of the restaurant Plaintiff delivered the service documents to—is PJR New Tampa, LLC, which is not a party to this action, and bears no apparent relation to LG Altamonte LLC.

Because Plaintiff has not shown how the person and business address he served is related to the entity he sues, he has not shown that the complaint and summons were delivered to an officer, managing or general agent, or other of Defendant, as Rule 4(h)(1)(B) requires. Nor has he shown that he served or attempted to serve Defendant's registered agent, as Rule 4(h)(1)(A) and Florida Statute section 48.062 alternatively require.

## IV. Conclusion

For these reasons, Plaintiff's motion for Clerk's default (Doc. 11) is denied without prejudice. Plaintiff may renew the motion, on or before August 4, 2026, if he can show that the June 4 service attempt, or any subsequent attempt, constituted valid service of process of Little Greek Fresh Grill LLC under the applicable federal rules and state law. Plaintiff is encouraged,

---

determined from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b). "The court may take judicial notice at any stage of the proceeding." FED. R. EVID. 201(d).

however, to consider whether Little Greek Fresh Grill LLC is in fact the entity he intends to sue, and to consider whether he needs to amend his complaint before attempting service again.

ORDERED on July 21, 2026.

NATALIE HIRT ADAMS
United States Magistrate Judge